UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ERVIN JOSEPH LAMIE,                     Case No. 19-cv-00110

         Plaintiff,                     HON. PAUL L. MALONEY

v.

JOHN M. WIEWIORA,  DIANE CROSBY,
Jointly and Severally,

         Defendants.

| | |
|---|---|
| Ervin Joseph Lamie | Allan C. Vander Laan (P33893) |
| Plaintiff In Pro Per | Bradley C. Yanalunas  (P80528) |
| 417 Jackson Ave. | Cummings, McClorey, Davis & Acho |
| Muskegon MI  49442 | Attorneys for Defendants |
| | 2851 Charlevoix Dr., S.E. - Suite 327 |
| | Grand Rapids MI  49546 |
| | 616-975-7470 |
| | avanderlaan@cmda-law.com |
| | byanalunas@cmda-law.com |

**REPLY OF DEFENDANTS WIEWIORA AND CROSBY'S TO PLAINTIFF LAMIE'S "OBJECTIONS TO DEFENDANTS JOHN WIEWIORA AND DIANE CROSBY MOTION TO DISMISS" (ECF No. 6).**

# INDEX OF AUTHORITIES

***Clemente v. Vaslo***,
679 F.3d 482, 497 (6th Cir. 2012)…………………………………………………..…2

***Everson v. Leis***,
556 F.3d 484, 494 (6th Cir. 2009)…………………………………………………...……2

***Franks v. Delaware***,
438 U.S. 154, 155-16 (1978)…………………………………...............................………….……1

***McCallum v. Geelhood***,
742 Fed. Appx. 985, 994 (6th Cir. 2018)……………………………………………..….……1

***McPherson v. Kelsey***,
125 F.3d 989, 995-96 (6th Cir. 1997)………………………………………………………2

## ARGUMENT IN REPLY

Plaintiff LaMie's "objections" to Defendants' motion seeking dismissal actually only presents two substantive arguments. Both arguments are conclusory and contrary to law. Nothing in Plaintiff LaMie's response rebuts Defendants' entitlement to sovereign, judicial, quasi-judicial, and qualified immunities as set forth in their motion seeking dismissal. Defendants Crosby and Wiewiora are entitled to dismissal.

First, Plaintiff LaMie asserts that Defendant Wiewiora walked an affidavit falsified by Defendant Crosby which stated that he failed to appear for his arraignment to the judge to have him issue a warrant for Plaintiff's arrest. **(ECF No. 6, PageID.48).** But by the allegations of Plaintiff LaMie's own complaint, the statement in the affidavit that he failed to appear for arraignment was not false because he did in fact fail to appear for his arraignment. Plaintiff LaMie alleges that at his arraignment, he "refused to grant jurisdiction . . . nor would [he sign any documents," and told Defendant Wiewiora that "the hearing was over with," and "the left" in the middle of his own arraignment. **(ECF No. 1-2, PageID.9-10, 12; ECF No. 1-3, PageID.12).**

Thus, Plaintiff LaMie cannot plausibly allege that any statement that he failed to appear for his arraignment in a warrant is a false statement made knowingly and intentionally or with reckless disregard for the truth. *Franks v. Delaware*, 438 U.S. 154, 155-16 (1978); *McCallum v. Geelhood*, 742 Fed. Appx. 985, 994 (6th Cir. 2018). On this basis, Plaintiff LaMie has not stated any cognizable Fourth or Fourteenth Amendment claim against either Defendant Crosby or Wiewiora.

Second, Plaintiff LaMie makes the conclusory assertion that Defendants do not have immunity because they "violated the oath of office," asserting that it is Defendants'

burden to establish their entitlement to qualified immunity. **(ECF No. 6, PageID.48-49).** But "a defendant raises qualified immunity as a defense, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity." *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009).

Plaintiff LaMie has not met his burden to show that Defendants are not entitled to immunity and in fact, has waived his claim on these points by failing to provide any meaningful argument to support this assertion. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997); *Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012). On this basis alone, Defendants are entitled to dismissal.

## CONCLUSION AND RELIEF REQUESTED

Plaintiff LaMie's "opposition" presents neither facts nor law to rebut the immunity arguments asserted by Defendants Crosby and Wiewiora. The motion by Defendants Crosby and Wiewiora seeking dismissal should be granted.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

/s/ Allan C. Vander Laan
Allan C. Vander Laan (P33893)
Bradley C. Yanalunas (P80528)
Attorneys for Defendants Crosby and Wiewiora
2851 Charlevoix Dr., S.E. - Suite 327
Grand Rapids MI  49546
616-975-7470

Dated: April 17, 2019

00900054-1                                                    2