**FILED - GR**
April 25, 2019 10:16 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_ mkc  SCANNED BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ERVIN JOSEPH LAMIE,

Plaintiff,

v.

JOHN M. WIEWIORA, DIANE CROSBY,
Jointly and Severally,

Defendants.

Case No. 19-cv-00110

HON. PAUL L. MALONEY

| Ervin Joseph Lamie<br>Plaintiff In Pro Per 417<br>Jackson Ave.<br>Muskegon MI 49442 | Allan C. Vander Laan (P33893)<br>Bradley C. Yanalunas (P80528)<br>Cummings, McClorey, Davis & Acho<br>Attorneys for Defendants<br>2851 Charlevoix Dr., S.E. - Suite 327<br>Grand Rapids MI 49546 616-975-7470<br>avanderlaan@cmda-law.com<br>byanalunas@cmda-law.com |
|---|---|

## MEMORANDUM

**April 25, 2019**

Ervin Joseph LaMie filed this *pro se* action pursuant to 42 U.S.C. § 1983 against

"JOHN M. WIEWIORA, DIANE CROSBY,
   Jointly and Severally."

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In determining the sufficiency of a *pro se* complaint, the court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S.

must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A *pro se* complaint, however in-artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Id. The district court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn there-from and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). A *pro se* plaintiff's "bald assertions" or "legal conclusions," however, need not be credited. Id.

The Supreme Court of the United States revised the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). Citing its opinion in Twombly for the proposition that a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, the Supreme Court identified two working principles underlying the failure to state a claim standard:

First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).Iqbal, 129 S.Ct. at 1949-1950.

Thus, to prevent summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id.

Under these circumstances, a court may grant the plaintiff leave to provide a more definite statement if "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED.R.CIV.P. 12(e); see also Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002) (a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility). Accordingly, in an abundance of caution, rather than dismiss the amended complaint for failure to state a claim.

Any claim of " immunity" is a fraud because, if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under U.S. Constitution Article 2, Section IV; as well as 18 USC 241, 42 USC 1983, 1985, 1986, and other state Constitutions.

**"Officers of the court have no immunity, when violating a Constitutional right, from liability. For they are deemed to know the law." Owen v. Independence, 100 S.C.T. 1398, 445 US 622**

Acting under color of [state] law is misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law Thompson v. Zirkle, 2007 U.S. Dist. LEXIS 77654 (N.D. Ind. Oct. 17, 2007)

Precedents of Law established by COURT cases, which are in violation of law, render violations of law legally unassailable. Such a situation violates several specifically stated intents and purposes of the Constitution set forth in the Preamble; to establish justice, insure domestic tranquility, and secure the-blessings of liberty. This is for JUDGES, or anyone in any branch of government.

"The court is to protect against any encroachment of Constitutionally secured liberties." Boyd v. U.S., 116 U.S. 616

"State courts, like federal courts, have a "constitutional obligation" to safeguard personal liberties and to uphold federal law." Stone v. Powell 428 US 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067.

"The obligation of state courts to give full effect to federal law is the same as that of federal courts." New York v. Eno. 155 US 89, 15 S. Ct. 30, 39 L. Ed. 80.

## U.S. Constitution ›

### Article II

Section 4.

The President, Vice President **and all civil officers of the United States**, shall be removed from office on impeachment for, and conviction of, treason, bribery, or other high crimes and misdemeanors.

# 42 U.S. Code § 1983.Civil action for deprivation of rights

**Every person who,** under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(R.S. § 1979; Pub. L. 96–170, § 1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317, title III, § 309(c), Oct. 19, 1996, 110 Stat. 3853.)

## 42 U.S. Code § 1985. Conspiracy to interfere with civil rights

### (3) DEPRIVING PERSONS OF RIGHTS OR PRIVILEGES

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

(R.S. § 1980.)

## 42 U.S. Code § 1986. Action for neglect to prevent

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages

caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

(R.S. § 1981.)

Respectfully submitted by:                                   Date: 4 / 25 /2019

*Ervin Joseph LaMie*

Ervin Joseph LaMie Plaintiff

417 Jackson Ave
Muskegon MI 49442
616-834-8912

## CERTIFICATE OF SERVICE

I hereby certify that on April , 2019, the memorandum, I delivered the foregoing paper with the Clerk of the Court in person. And to the attorneys of record identified in the caption, at their address listed in the caption by U.S. first-class mail.

Dated: April 25, 2019

Respectfully submitted,

DENNIS A DAVIS