**FILED - GR**
May 17, 2019 10:07 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_ mkc  SCANNED BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ERVIN JOSEPH LAMIE,

    Plaintiff,

v.

JOHN M. WIEWIORA, DIANE CROSBY,
Jointly and Severally,

    Defendants.

Case No. 19-cv-00110

HON. PAUL L. MALONEY

| | |
|---|---|
| Ervin Joseph Lamie<br>Plaintiff In Pro Per 417<br>Jackson Ave.<br>Muskegon MI  49442 | Allan C. Vander Laan (P33893)<br>Bradley C. Yanalunas (P80528)<br>Cummings, McClorey, Davis & Acho<br>Attorneys for Defendants<br>2851 Charlevoix Dr., S.E. - Suite 327<br>Grand Rapids MI  49546 616-975-7470<br>avanderlaan@cmda-law.com<br>byanalunas@cmda-law.com |

**SUPPEMENTAL BRIEF IN OPPOSSISSION OF
DEFENDNATNS MOTION TO DISMISS**

i

# TABLE OF CONTENTS

Index of Authorities

Question Presented……………………………………………………………………..iii.

Statement of facts……………………………………………………………………iv

Argument……………………………………………………………………………v

Conclusion…………………………………………………………………………v

    1. DEFENDANTS HAVE NO IMMUNITY FOR LACK OF OATH OF OFFICE.

Conclusion and Releief Requested…………………………………………………… 4.

## QUESTION PRESENTED

1. IS PLAINTIFF'S ALLEGATION THAT THE MAGISTRATE WIEWORA WALKED TO THE JUDGE'S CHAMBERS AND DELIVERED THE BENCH WARRANT TO BE SIGNED A JUDICIAL ACTION COVERED BE ABSOLUTE JUDICIAL IMMUNITY?

Plaintiff LaMie answer "no"

Defendants answer "yes"

## STATEMENT OF FACTS

On May 2, 2019 the parties attended a hearing and the question of the Magistrate Wiewiora walking the warrant to the judge's chambers is it considered absolute judicial immunity or possible qualified immunity.

On or about April 2019 a request through the FIOA of Muskegon County for magistrate Wiewiora

The return of the FIOA request has not produced a Oath of Office for magistrate Wiewiora.

(Exhibit 1, Affidavit of Dennis)

(Exhibit 2, FIOA return.)

The Michigan constitution states the following:

## STATE CONSTITUTION (EXCERPT)
## CONSTITUTION OF MICHIGAN OF 1963

### § 1 Oath of public officers.

Sec. 1.

All officers, legislative, executive and judicial, before entering upon the duties of their respective offices, shall take and subscribe the following oath or affirmation: I do solemnly swear (or affirm) that I will support the Constitution of the United States and the constitution of this state, and that I will faithfully discharge the duties of the office of .......... according to the best of my ability. No other oath, affirmation, or any religious test shall be required as a qualification for any office or public trust.

It is explained that before entering or Prior to entering the duties of office the officers,

legislative, executive and judicial, must take the oath of office.

Const 1963, art 11, § 1 states: "All officers, legislative, executive and judicial, before

entering upon the duties of their respective offices, shall take and subscribe the following oath . . .

Plaintiff argues that, pursuant to MCL 201.3(7), the "time prescribed by law" for taking an oath is,

as provided in Const 1963, art 11, § 1, "before entering upon the duties of their respective offices."

It is apparent that the plain meaning of this constitutional language is that an officer may not enter upon the duties of her office until the oath is taken. This is not a time requirement; rather, it is a substantive requirement for an officer's legal exercise of the duties of her office.

## ARGUMENT

The Defendants can- not prevail in their motion and claim immunity, qualified, absolute judicial immunity or judicial quasi immunity.

When the oath of office was not taken, then the requirements for the office have not been encountered.

When the office has not been completed then the issue of qualified immunity, absolute judicial immunity and judicial quasi immunity do not exist.

Thus, the Plaintiffs claims against the defendants must prevail.

## CONCLUSION

For the reasons set forth the Defendants should not be released from this action. The cloak of judicial immunity does not exist when the oath of office was not taken to complete the substantial part of the taking of office. Since the oath was not taken then the office was not taken, and all immunity options are off the table and immunity does not exist. Judicial immunity does not exist nor does judicial quasi immunity and qualified immunity.

Therefore, the Plaintiff requests the court to deny the defendants motion to dismiss.

Date: 5/17/2019

Respectfully submitted,

*[signature]*

By: Ervin Joseph LaMie

v.