UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERVIN LAMIE,

       Plaintiff,                                  Hon. Paul L. Maloney

v.                                              Case No. 1:19-cv-110

JOHN WIEWIORA and
DIANE CROSBY,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss. (ECF No. 5). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this matter terminated.

## BACKGROUND

Plaintiff initiated this action on February 11, 2019, against the Honorable John M. Wiewiora, Muskegon County 60th District Court Magistrate, and Diane Crosby, 60th District Court Clerk. (ECF No. 1). In his complaint, Plaintiff asserts the following.

On April 1, 2018, Plaintiff was charged with operating a motor vehicle without a valid driver's license. Plaintiff's arraignment on this charge was scheduled for April 16, 2018. Plaintiff appeared in court for his arraignment on April 16, 2018. A court clerk

requested that Plaintiff sign certain, unidentified, "papers," but Plaintiff refused. Plaintiff then proceeded to Magistrate Wiewiora's courtroom.

When the Magistrate took up Plaintiff's case, Plaintiff asserted that the Magistrate could not exercise jurisdiction over his matter. The Magistrate responded by informing Plaintiff that the court would, therefore, enter a plea on Plaintiff's behalf. Plaintiff objected, stating that the Magistrate "was now legislating from the bench and that only the Plaintiff or his attorney would enter a plea for the Plaintiff." Magistrate Wiewiora and Court Clerk Diane Crosby then conspired to improperly obtain from another judge a warrant for Plaintiff's arrest. Specifically, Crosby created a false affidavit alleging that Plaintiff failed to appear for his arraignment, which Magistrate Wiewiora then executed and delivered to another judge who authorized Plaintiff's arrest.

Plaintiff alleges that Wiewiora and Crosby conspired to violate his right to due process by creating and executing a false affidavit for the purposes of securing an unlawful warrant authorizing Plaintiff's arrest.[1] Plaintiff requests 1.15 *billion* dollars in damages. Defendants Wiewiora and Crosby moved to dismiss Plaintiff's complaint for failure to state a claim. Because Defendants' motion relied upon evidence outside Plaintiff's pleadings, the Court converted the motion to a motion for summary judgment under Federal Rule of Civil Procedure 56 and afforded Plaintiff additional time to

---

[1] Plaintiff also alleges that Defendants violated 18 U.S.C. § 241. This is a criminal statute, however, which Plaintiff lacks authority to enforce.

supplement his response to the motion. (ECF No. 23). Plaintiff has now supplemented his response and this matter is ready for resolution.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

Judges enjoy absolute immunity for actions undertaken in their capacity as judicial officers. *See, e.g., Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). A judicial officer enjoys immunity even if he "acts corruptly or with malice." Immunity can be overcome in only two circumstances: (1) where the action in question was not taken in the judge's capacity as a judicial officer, or (2) the judge acted in the complete absence of jurisdiction. *Ibid.* Likewise, court clerks, when acting as a judge's designee, enjoy immunity when carrying out a function for which the judge would enjoy immunity. *See, e.g., Huffer v. Bogen*, 503 Fed. Appx. 455, 460-61 (6th Cir., Nov. 1, 2012).

In support of the present motion, Magistrate Wiewiora has submitted an affidavit. (ECF No. 12-1 at PageID.75-77). The Magistrate asserts that he presided over Plaintiff's arraignment on the date in question, but that Plaintiff "left his arraignment prior to its conclusion, which is equivalent to if he never appeared at all." (*Id.* at PageID.76). Accordingly, the Magistrate secured a warrant for Plaintiff's arrest. (*Id.*). Plaintiff attached to his complaint an affidavit executed by Johnny Aaron, a witness to the events in question. (ECF No. 1-3 at PageID.11-13). Aaron confirms that Plaintiff refused to participate in his arraignment and simply declared the proceeding over after which Plaintiff simply exited the courtroom. (*Id.*). Plaintiff has presented no evidence creating a genuine dispute as to these facts.

In light of these undisputed facts, the decision by Magistrate Wiewiora, with the assistance of Court Clerk Crosby, to secure a warrant authorizing the arrest of Plaintiff constituted a judicial action for which Wiewiora and Crosby both enjoy immunity. *See, e.g., Ward v. City of Norwalk*, 640 Fed. Appx. 462, 466 (6th Cir., Feb. 3, 2016) (the issuance of an arrest warrant is a "truly judicial act"); *Wilson v. Blankenship*, 2016 WL 4290766 at *3 (E.D. Tenn., Aug. 15, 2016) (same). Accordingly, the undersigned recommends that Defendants' motion be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss, (ECF No. 5), be granted and this matter terminated. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 3, 2020

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge