UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERVIN LAMIE,  Plaintiff, | ) ) ) ) No. 1:19-cv-110 |
| -v- | ) ) ) Honorable Paul L. Maloney |
| JOHN WIEWIORA and DIANE CROSBY,  Defendants. | ) ) ) ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On February 3, 2020, United States Magistrate Judge Phillip J. Green issued a Report & Recommendation ("R&R") recommending that the Court grant Defendants' motion for summary judgment (ECF No. 26). This matter is now before the Court on Lamie's objection to the R&R (ECF No. 27) and Defendants' response (ECF No. 29). For the reasons to be discussed, the Court will overrule the objection and adopt the R&R as the Opinion of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Lamie's pleading in response to the R&R, titled "Objections to Defendants [sic] Motion," is primarily a list of caselaw quotations about jurisdiction and judicial immunity, containing no specific objections. Thus, the Court need not consider anything outside the final two paragraphs, which do reference the R&R and the magistrate judge's findings. *See Mira*, 806 F.2d at 637. In those final paragraphs, Lamie objects to the magistrate judge's failure to consider anything beyond judicial immunity. On the Court's review of the record, Lamie has presented no evidence to show that Defendant Magistrate Judge Wiewiora's actions were extra-judicial or wholly devoid of jurisdiction. Therefore, Magistrate Wiewiora and his Clerk are entitled to judicial immunity. *See, e.g., Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). Defendants' motion to dismiss was properly granted on these grounds, and the R&R did not err when it ended analysis there. Therefore,

**IT IS ORDERED** that the February 3, 2020 R&R (ECF No. 26) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the R&R (ECF No. 27) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 5) is **GRANTED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date: March 6, 2020                                  /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge